## Beethoven Building Association, Plff. in Err. *v.* Valentine Weber.

In an action against a building association, on an order for money due to a stockholder, the affidavit of defense alleged that the plaintiff, knowing that the treasurer was in funds to pay the order, "made an arrangement with the treasurer, without notice to the association, that, instead of demanding the whole amount, he should give to the treasurer time for the payment of the same; in consideration of which the said treasurer paid to the plaintiff, and he accepted, the sum of $100." *Held,* that the affidavit was insufficient to prevent judgment.

(Decided April 19, 1886.)

Error to the Common Pleas, No. 3, of Philadelphia County to review a judgment entered for want of an affidavit of defense. Affirmed.

The plaintiff below, defendant in error, brought an action on the case, November 13, 1885, on an instrument of writing, written in German, a translation of which is as follows:

No. 302.                    Philadelphia, Aug. 11, 1884.

Mr. J. J. Rickle, treasurer of the Beethoven Building Association, pay to Valentine Weber, or order, the sum of eleven hundred and eleven dollars and seventy-five cents.

| | |
|---|---|
| 5 paid-up shares, 4th S., | $899.05 |
| Paid-up interest, | 6.87 |
| Paid in advance, | 200.00 |
| Interest, | 5.83 |
| $1,111.75. | ——— (To be paid out, $504.18) |

[Attest,]                              John Brand,
Frederick Gaeckler, Sec'y.                        Pres't.
  . (Endorsed.)

| | |
|---|---|
| Deduct, | $600.00 |
| Interest, | 3.25 |
| Tax, | 4.32 |
| | $607.57 (To be paid out, $504.18) |

Received on account, $100.                    V. W.

Cited in Huntington County Loan & Sav. Asso. v. Emerick, 23 Ind. App. 183, 55 N. E. 106, holding that complainant need not allege the existence of funds in the treasury, with which to pay the amount due.

NOTE.—Where the order is made conditional upon the having of funds

To which the defendant below made the following affidavit of defense:

"Frederick Gaeckler, being duly sworn, saith that he is secretary of the association defendant, which has a good and valid defense to the whole of the plaintiff's claim.

"That the order or warrant on which suit was brought was given by the president and secretary of said association on the treasurer thereof, after there had been paid to the treasurer more than sufficient to cover the amount; and the plaintiff, with the knowledge of the fact that the treasurer was in funds to pay the same, accepted the said order and undertook to present the same to collect the amount thereof from the said treasurer.

"But the said plaintiff, instead of presenting the same and demanding payment, made an arrangement with the said treasurer, without notice to said association, that, instead of demanding the whole amount, he should give to the said treasurer time for the payment of the same; in consideration of which the said treasurer paid to the plaintiff, and he accepted, the sum of $100.

"That, if the said plaintiff had, instead of granting an extension of time and taking the $100 aforesaid, demanded the payment of said draft, he would have received the same; but since the time of such extension the said treasurer has become insolvent, and, if the association defendant should be compelled to pay the amount of said draft, it will be wholly lost to them.

"All which they expect to be able to prove on the trial of the cause."

The court entered judgment for want of a sufficient affidavit of defense. The defendant took this writ, assigning for error this action of the court.

*Joseph M. Pile,* for plaintiff in error.—The treasurer was, by the action of the stockholder, made the principal debtor, and the association became collaterally liable. The treasurer held the relation of maker, the association that of indorser.

---

in the hands of the treasurer, the affidavit of defense will be sufficient when it avers that such condition does not exist. Edeline v. Homestead Asso. 4 W. N. C. 509.

See also editorial note to Engelhardt v. Fifth Ward Permanent Dime Sav. and Loan Asso. 35 L. R. A. 289, presenting the authorities on withdrawals from building and loan associations.

A draft, payable immediately, must be presented for payment within a reasonable time in order to charge the indorser. And what is a reasonable time is a question for the jury. Taylor v. Young, 3 Watts, 339; Mallory v. Kirwan, 2 Dall. 192, 1 L. ed. 344.

The indorser is discharged when his equities are prejudiced. Hagey v. Hill, 75 Pa. 108, 15 Am. Rep. 583.

*George W. Bryant,* for defendant in error.—An indefinite extension of time to the maker does not release the indorser. People's Bank v. Legrand, 103 Pa. 309, 49 Am. Rep. 126.

But the order in suit is not like a draft; the association is the only debtor. Banking Co. v. Central Mut. Sav. Fund Asso. 1 Kulp, 38; Tousey v. Taw, 19 Ind. 212; Indiana & I. Cent. R. Co. v. Davis, 20 Ind. 6, 83 Am. Dec. 303.

The "arrangement" mentioned in the affidavit of defense is perfectly consistent with an enforced waiting for the balance. There is no allegation that sufficient money remained in the treasurer's hands after Weber received the order, and it may have been paid out on other orders before he could make demand.

There is no allegation in the affidavit that the $100 was not paid on account of the order. The fact that the order was accepted by the treasurer shows that it was presented for payment.

If the defendant cannot make out a prima facie case for himself, the court cannot help him by inference from obscure language. Bardsley v. Delp, 88 Pa. 420.

Per Curiam:

The affidavit of defense does not aver facts with sufficient precision to show they would constitute a valid defense. Whether the $100 was paid as a bonus or to apply on the order is left to conjecture. The claim filed indicates the latter. If any improper act was done by the treasurer, who was the officer of the association, the latter should not be permitted to plead that action as a bar to a recovery.

Judgment affirmed.