—————o—————

No. 4201.

(Court of Appeal, Parish of Orleans.)

LEON LAVENDAN vs. MRS. EUGENIE FORSTALL, WIDOW OF ROBERT FERNAND CHOPPIN.

1. The former owner of property adjudicated to the State for

non-payment of taxes, cannot assail the title of the State's transferee on the ground that the State had abandoned the rights it had acquired by the tax sale by thereafter, and until it had subsequently sold the property, assessing the property to the former owner when it is shown that the latter had never paid or offered to pay the taxes for such years, and where, on the contrary, these taxes had been paid by the purchaser of the State's title.

2. The failure of the purchaser of property from the State, which the latter had acquired for non-payment of taxes, to pay City taxes due on the property at the time of the purchase from the State by the third person, does not impair the latter's title. If the property passed from the former owner to the State it was no concern of his whether for the purpose of acquiring title, the adjudicatee paid the City taxes immediately or not. This was a matter between the city and the adjudicatee.

3. A receipt for money may be contradicted or explained by parol testimony.

4. Costs are not left to the discretion of the Court; the statute imperatively declares that they are due to the party in whose favor the judgment is rendered.

Appeal from District Court, Division ".C"

Benjamin Ory, for Plaintiff and Appellee.

R. G. Dugue, for Defendant and Appellant.

MOORE, J. On the 9th June, 1887, certain vacant lots of ground situated in the Parish of Orleans were adjudicated to the State under Act No. 98 of 1886 for non-payment of taxes due the State for 1880. The deed of sale, under authentic form, was duly recorded on the 19th September, 1888.

On the 20th September, 1893, the State, by deed from the Auditor, conveyed the property to the plaintiff pursuant to Sec. 3 of Act. No. 80 of 1888. This deed of sale was duly recorded on the 13th November, 1905.

On the 8th December, 1905, plaintiff filed suit to confirm his title as quieted by the prescription of three years under Art. 233 of the Constitution of 1898.

The defendant urges the nullity of plaintiff's title on the following grounds.

First—That the sale to the State was not preceded by the proper notices to the owner, proper advertisements or an assessment for the year 1886.

Second—That if the sale was valid, the State waived and abandoned whatever rights it acquired thereunder by assessing the property in the name of defendant for the year 1887 and subsequent years, up to 1901.

Third—That the plaintiff, if he ever acquired anything by the Auditor's deed, waived and abandoned all his rights and claims thereunder by failing to pay the city taxes due for the years subsequent to 1880. There was judgment for the plaintiff and defendant appeals.

It is admitted that no one has physical possession of the property, and as there is no suggestion of dual assessment or of previous payment of taxes for which the property was sold, it follows that the constitutional prescrptiion against the right to avoid the title must prevail. Ashby vs. Bradford 109 La. 641; Slattery vs. Kellerin 114 La. 282; Terry vs. Heison 115 La. 1070; Cullen vs. Terminal Co. 117 La. (41 S. R. 465); Howcott vs. Simeon 1 Court of Appeal 54; Vaught vs. Howcott, 2 Ibid 276; In re Aztec, etc. Co. Ibid. 315.

## "I"

The deed of adjudication to the State affirms the assessment of the property in the name of the defendant; the filing and recording of the tax rolls; the publication of notice; the mailing of a special notice to the delinquent tax payer and the compliance with all the other requisites provided by law and in all respects evidences, *prima facie,* a valid sale. The *mera* fact that the State, subsequent to the adjudication of the property to her, and up to 1901; continued to assess the property in the name of defendant, did not, in itself, constitute an estoppel and abandonment by the State of her rights under the adjudication 43 A. 431, 110 La. 234; 112 La. 498. The taxes for these years were never exacted of the defendant and she never paid any of them. On the contrary they were paid by the plaintiff. Those for the year 1887 and up to and includnig the year 1893, were included in and constituted a part of the price of sale from the State to plaintiff; and for the taxes of subsequent years the plaintiff produced tax receipts which, though made out in the name of defendant, were all paid by him. This was shown by the plaintiff's testimony which, however, was objected to on

357

the ground that a written receipt could not be contradicted by parol. The ruling of the lower judge to the effect that a receipt for money may be contradicted or explained by parol testimony was correct. 21 A. 532; 29 A. 446; 10 A. 749; 5 A. 235-408; 14 A. 274.

## II.

To the objection thirdly above urged by the defendant to plaintiff's title: *id est* that the payment by the plaintiff of the city's taxes resting on the property was necessary in order to complete the title, it is sufficient to answer in the language of the Supreme Court in Gowland vs. City, 52 A. 2046.

"The State authorities were not charged with the duty of collecting the city taxes. These remained upon the property subject to the payment by the adjudicatee under the personal obligation assumed by him to do so. If the property passed from the owners or the persons owing the tax to the State, in enforcement of State taxes, the owners so divested of titles were in no position to set up as against the acquisition by a third person of a legal title to the same from the State, that this latter purchaser had not paid the city taxes, then due on the property. If the property had passed from them to the State, it was no concern of theirs, whether, for the purpose of acquiring title, the adjudicatee paid the city taxes immediately or not. This was a matter between the city and the adjudicatee."

Appellee directs our attention to an error in the judgment in that it condemns him to the payment of costs notwithstanding the judgment was in his favor. He is entitled to this amendment. Costs are not left to the discretion of the Court, "they are due to him in favor of whom the judgment has been rendered." C. P. 157.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be and the same is hereby amended by striking out therefrom so much thereof as adjudges the plaintiff to pay costs and as thus amended the judgment is affirmed the costs of the lower Court and of this Court to be taxed against the defendant and appellant.

May 20, 1907.

Dufour, J., takes no part.

Rehearing refused June 17, 1907.

Writ granted by Supreme Court July 25, 1907.

Nov. 4, 1907, decision of Supreme Court affirming judgment.