Application por Writs'op Certiorari and Prohibition.
The opinion of the court was delivered by
Miller, J.
We are called on in this case to direct the writs of prohibition and certiorari to the Oircuit Oourt restraining any further *1167 proceedings on the appeal in the suit of the Relators vs. Commissioners of the Lafourche Basin Levee District, and as part of the relief claimed by the relators, we are asked to annul the judgement of the Circuit Court in that suit.
The petition of the relators in the District Court, parish of Plaque-mines, alleged in substance they had constructed a railroad lying partly within the Lafourche Basin Levee District and not over sixty miles in length; that under the Act ÍTo. 19 of 1894 the assessments of the board were limited to fifty dollars per mile on short roads of the character of that of petitioner; that this act applied to all assessments becoming due after the passage of the act; that notwithstanding the board sought to enforce an assessment for the year 1894 on, petitioners’ road at the rate of one hundred dollars per mile, prescribed by the act claimed to have been superseded by that of 1894, and the petition prayed that the assessments be decreed exigible to the extent only of fifty dollars per mile, and that the act be adjudged binding upon that Levee Board.
The suit in the District Court progressed to judgment in favor of the plaintiffs, the Railroad Company, and was appealed to the Circuit Court. The court, ex proprio motu, dismissed the appeal on the ground the pecuniary amount involved excluded the jurisdiction of the Circuit Court, but, on rehearing, maintained its jurisdiction and reversed the judgment of the lower court. Thereupon the Railroad Company, on the application for the rehearing, urged that the controversy involved the legality of a tax on assessment, and the Circuit Court had no jurisdiction because of the character of the question. Constitution, Art. 81. The rehearing was refused. Prom first to last in the Circuit Court there was no suggestion of the want of jurisdiction by reason of the nature of the controversy until the rehearing was asked by the company. The appropriate mode of raising that question was by motion to dismiss the appeal on that ground. But with no such motion or suggestion of the objection to the jurisdiction until the Circuit Court had heard, decided, granted a rehearing, and again decided, the case is here on the application for writs of prohibition and certiorari to review the proceedings of the Circuit Court, annul its judgment and prohibit its further action.
The application, iu our view, comes too late. The action of the Circuit Court complained of, not sought to be arrested while in progress, is now completed. The last act of that court was to refuse *1168 the application for the rehearing. There is no further action of that court to be taken, and hence no basis for the writs we are called on to issue.
The application is refused at the relators’ cost.