(34 South. 425.)

No. 14,473.

PITRE v. SCHLESLINGER et al.

(May 11, 1903.)

TAX SALE—PURCHASE BY STATE—PRESCRIPTION—ESTOPPEL—PAYMENT—PRESUMPTION.

1. The state, having continued to assess the property to the former owners after buying it at tax sale, and continued to collect taxes from these former owners, is estopped from pleading the prescription of article 233 of the Constitution against these former owners; and the same estoppel operates as against the vendee of the state relying for prescription upon the time that elapsed while the tax title was in the state, and the state was thus assessing the property and collecting taxes.

2. The testimony of the tax debtor to the effect that he does not remember paying the tax, but that he is satisfied in his own mind he did, because his custom was to pay his taxes promptly, and he finds he paid his city tax of the same year, cannot outweigh the presumption of nonpayment arising from the fact of the property's having been proceeded against for delinquency.

3. Ashley & Co. v. David Bradford et al., 33 South. 634, 109 La. 641, distinguished.

Breaux and Blanchard, JJ., dissenting.

(Syllabus by the Court.)

Appeal from Judicial District Court, Parish of Calcasieu; Edmund Denis Miller, Judge.

Action by Columbus Pitre against L. Schleslinger and others. Judgment for plaintiff, and defendant M. J. Goodhue appeals. Reversed as to such defendant.

Rohert Raymond Stone, for appellant. Sompayrac & Toomer, for appellee.

PROVOSTY, J. The plaintiff brings this suit under article 233 of the Constitution of 1898 to quiet his title to certain lands acquired by him from the state, which the state, in turn, had acquired at tax sale. He has availed himself of the privilege accorded by the act to join in one suit a number of different tracts of land adjudicated to the state at different times, and for taxes due by different persons, and he has made these several former owners, between whom there is no privity, parties defendant. Judgment went in his favor in the lower court, and one of the defendants, Mrs. M. J. Goodhue, has appealed.

The property in question is a lot of ground fronting 66½ feet on Railroad avenue, and running back 150 feet on Moss street, in the city of Lake Charles. It is alleged to have been acquired by the state at tax sale on the 2d of September, 1893, for the taxes of 1892, due by Thomas Bilbo, and to have been sold to plaintiff by the State Auditor on the 7th of December, 1901, under authority of Act No. 80 of 1888.

Mrs. Goodhue attacks the tax sale on two grounds: That the tax to satisfy which the sale purports to have been made, had been paid, and that the sale was not preceded by notice to the owner.

The evidence fails to substantiate the first of these grounds. It consists of the testimony of the tax debtor, Thomas Bilbo, who says that he does not remember whether he paid the tax, but that he is satisfied in his own mind he did, because it was his custom to pay his taxes promptly on receiving the notice, and he finds he paid his city tax of that year. This is merely inferential testimony, and not sufficient to overcome the strong presumption arising from the fact that the property was proceeded against for delinquency. As further proof of the payment, defendant adduces the curt recital, "Taxes paid," found in the notarial act by which, on the 9th of January, 1895—eight months before the tax sale—he sold the property to the person from whom Mrs. Goodhue acquired. This recital is not evidence, except as between the parties to the act.

Against the second ground of nullity—that

of want of notice to the owner—plaintiff pleads the prescription of three years established by article 233 of the Constitution. This prescription cannot avail plaintiff. His title was only one month old when he filed this suit; hence the time he has to rely on for the prescription is that which elapsed while the title was in the state, and as the state would have been estopped from invoking the prescription, he, as her vendee, is equally estopped. After the tax sale, the state, through its officers, continued to assess the property to the former owners, and to collect taxes from them on the property. This estopped the state from availing herself of prescription against these former owners. Delay could not run in favor of the state while she was by these acts of her officers acknowledging the title of these former owners of the property. Martin v. Barbour, 140 U. S. 634, 11 Sup. Ct. 944, 35 L. Ed. 546. The former owners continued to claim ownership and possession of the property, and the tax collector, by collecting taxes from them, admitted their claims. Article 233 must, therefore, be held not to be applicable to the case.

The case is distinguishable from that of Ashley Co. v. David Bradford et al. (recently decided) 33 South. 634,[1] in this: that there the claimants under the tax title had no need to join their own possession to that of the state in order to fill out the prescriptive three years. After the sale to them, the acts of the state or of her officers could not, as a matter of course, operate to deprive them of the benefit of article 233.

The evidence shows that the notice of delinquency was mailed to Thomas Bilbo, in whose name the property was assessed, instead of to Mrs. Irwin, to whom, by act duly recorded the property had been transferred. This was fatal to the tax sale. Geddes v. Cunningham, 104 La. 313, 29 South. 138, and cases there cited. Land Co. v. Sholars Case, 105 La. 357, 29 South. 908, contains nothing contrary to this. The notice there was served on the party who, by the records, appeared to be the owner. As a matter of course, the tax collector must be guided by the records in determining upon whom to serve notices.

---

[1] 109 La. 641.

It is theref..,re ordered, adjudged. and decreed that, in so far as the appellant, Mrs. M. J. Goodhue, and her property herein described are concerned, the judgment of the lower court be set aside, and the suit of the plaintiff be dismissed, at his cost in both courts.

BREAUX and BLANCHARD, JJ., dissent.