(47 South. 369.)

No. 17,207.

In re QUAKER REALTY CO., Limited.

(July 30, 1908.)

PROHIBITION—GROUNDS FOR RELIEF—WANT OF JURISDICTION.

It is not evident that an error has been committed by the district court. The court had power to act, and did not exceed the bounds of its jurisdiction.

(Syllabus by the Court.)

Application by the Quaker Realty Company, Limited, for a writ of prohibition. Application denied.

William Winans Wall, for relator.

BREAUX, C. J. A curator ad hoc was appointed by the court to represent eight defendants. There were nine defendants in all. Eight were absentees.

The facts are, as relates to the suit in which this curator ad hoc was appointed, that the property was sold at tax sale in February, 1885, for the delinquent taxes of 1882, assessed in the name of James Fox.

The property involved in the tax sale consisted of a block of ground.

The Aztec-Land Company bought it from the auditor, under Act No. 80, p. 88, of 1888, amended by Act No. 126, p. 181, of 1896.

The relator bought the land from the Aztec Company in 1905.

We are informed by the allegations of plaintiff's petition that prior to the forfeiture and sale of the square of ground in question for taxes it had been subdivided into nine different lots and sold to different persons, so that there were nine owners of separate and distinct portions.

Relator brought this suit to confirm and quiet its title.

It became necessary (eight of the proprietors being absentees or unknown) to appoint a curator ad hoc to represent them.

On the 23d day of June, 1907, relator moved for the dismissal of its suit as in case of nonsuit, and it was accordingly dismissed. Before this motion had been made—that is, on the 13th day of June, 1907—respondent here (the curator ad hoc) took a rule to have his fee fixed at $80 and taxed as costs, to he paid by the Quaker Realty Company, the relator.

On the 25th day of June, 1908, Hon. T. C. W. Ellis, judge of the civil district court, rendered judgment against the Quaker Realty Company, relator (plaintiff in said suit), for $80.

We are informed by the pleadings that the Quaker Realty Company applied for a new trial, which motion was overruled.

The foregoing is a sufficient statement of the facts for our purpose.

The contention raised in this application is that the judgment of the civil district court, fixing the fee of the curator ad hoc at $80, is in contravention of the cited act under which he is appointed, as that act, according to relator, fixes the fee at $10.

On the other hand, as relates to the respondent (the curator ad hoc), his contention is that the $80 is a fee fully covered by the cited act.

We have no great difficulty in arriving at the conclusion that the court of the first instance had jurisdiction to fix the amount of the fee, and that it acted whilst in the legitimate exercise of its authority.

The relator in its petition does not set out the grounds upon which it relied for a new trial in the district court, nor does it appear that it ever at any time raised the question of want of jurisdiction.

It is settled by repeated decisions that want of jurisdiction of the court of the first instance must be raised before that court, in order that it may be successfully insisted upon on appeal that the court had no jurisdiction.

There was no such instance at any stage of the trial, and even at this time it cannot

be reasonably contended that there is want of jurisdiction.

An application for the writ of prohibition will not be considered unless it is shown that relief was unsuccessfully sought in the lower court. State ex rel. Bassette v. Judge, 44 La. Ann. 1093, 11 South. 872; State ex rel. New Orleans, Ft. J. & G. I. R. Co. v. Judges, 48 La. Ann. 1166, 20 South. 678.

At this time the only question is whether the court a qua erred in its application of the law.

We will consider the case from this point of view, although for reasons stated later that consideration might be left out.

Regarding the amount of the fee and the cited act of 1898 (Act No. 101, p. 127), we must state that it is not very evident that an error has been committed by the court of the first instance.

Referring to the statute, we find "that the proprietor, if he be a nonresident of the state or unknown, a curator ad hoc shall be appointed."

In matter of tax sale, each defendant may have separate and distinct rights. The defendants do not necessarily stand together in defending their title. One of the former proprietors may be in good faith, and the other may be in good faith. It may be that as to one the length of time he has been in possession gives him the right to prescription.

In every such instance a curator ad hoc would have to represent separate interests differing one from the other.

In order to illustrate, we will refer to that part of the statute which provides that in actions to acquire tax titles two or more former proprietors who have separate tracts and no privity or community interest may at the option of the purchaser be brought to court in one and the same suit.

If in such a suit there are three defendants, one known and the other two unknown, and the interests be different, as well as the rights of parties, the curator appointed in the suit to represent the unknown proprietors might be entitled to a fee fixed according to law in each case.

In ordinary practice an attorney would charge for services rendered in each case.

In construing the act in question, the customary charge of a fee may be considered.

The statute before us begins with the declaration that a suit may be brought against former owners (to quote from the statute) "as in ordinary action against the proprietor or proprietors of the property," although in the body of the act following the foregoing expressions are in the singular. It does not entirely escape the effect of the plural as used in the first part. It refers to suits brought against proprietor or proprietors. When there are proprietors having separate and distinct interests as before stated, then it does seem that the interpretation placed upon the statute heretofore is not manifestly erroneous.

But, above all, only prohibition is applied for in this case. Prohibition raises questions of jurisdiction. Here the questions are not of jurisdiction. Prohibition in this case cannot issue to prevent the exercise of jurisdiction, as jurisdiction has already been exercised. Further, prohibition cannot issue when it does not appear that the court has usurped jurisdiction, and that in consequence the proceedings are null.

We have already stated that there was no usurpation of jurisdiction. The writ is not one of right, and issues only in compliance with the sound discretion of the court to the court which exceeds the bounds of its jurisdiction. Code Prac. art. 845.

The demand of applicant is denied, and its petition dismissed.