————o————

## No. 4488.

## Court of Appeal, Parish of Orleans.

## FRANK C. CODIFER VS. AZTEC LAND COMPANY.

1. After property has been adjudicated to the State for taxes, proceedings against the tax collector alone will not lie to cancel such taxes.

2. Erroneous assessments, defects in advertisement and want of notice are cured by the prescription of three years under Art. 233 Const. of 1898, based on possession, actual or constructive.

3. Where the officers of the State continue to place property previously adjudicated to the State on the assessment rolls for succeeding years and to collect taxes from the tax debtor who remains in possession, such acts will be deemed a waiver of the State's title, binding on its vendee.

4. But where the owner of the tax title pays the taxes, though the property is assessed in the name of the former owner who is not in possession, no ground is afforded the former owner to set aside a title acquired after a delay of many years.

5. The principle of equitable estoppel cannot avail owners who have not been led into error, who have paid the taxes of only one out of twenty-two years of delinquency, and where payment of the tax was made after the State's title had been quieted by prescription.

8. The doctrine that sales for taxes partly legal and partly illegal are invalid applies to the sales under the revenue acts and not to sales by the State, after a valid adjudication to it, which, strictly speaking, are conventional and not tax sales.

Appeal from Civil District Court, Division "D."

Dinkelspiel, Hart & Davey, for Plaintiff and Appellant.

Theo. Cotonio, for Defendant and Appellee.

DUFOUR, J.   On July 13th, 1904, the plaintiff, as one of the heirs of his mother, brought this suit to recover his share of certain real estate purchased by her from Joseph Altman on June 10th, 1901, by act under private signature.

On June 27th, 1901, Mrs. Codifer in a proceeding against the State Tax Collector alone, obtained a judgment cancelling the taxes for the years 1878 to 1897 both inclusive, and on December 16th, 1901, she paid the tax of 1901 on the property under an assessment in the name of J. Altman. This was the only tax paid by her.

In 1885, the property was sold to the State for non-payment of the taxes for the years 1880, 1881, 1882 and 1883, which, according to the declaration of the deed, were assessed in the name of J. Altman and the deed was seasonably recorded.

On December 4th, 1902, the Aztec Land Co. bought the property by Auditor's deed under Acts 80 of 1886 and 26 of 1896, and the title was recorded on December 26th, 1902.

The property was vacant and the purchaser took possession and put a fence around it.

The company has paid all the taxes since 1902 and the assessment was in its name for 1903, 1904 and 1905.

The grounds upon which the plaintiff seeks to set aside defendant's title are:

1st. That, when the Auditor sold to defendant, the State had no title because the taxes had been cancelled by the judgment of June 27th, 1901, *supra,* and the cancellation worked a divestiture of the State's ownership.

2nd. That the assessment was in the name of J. Atman instead of J. Altman for the years of delinquency and such assessment was therefore erroneous as made in the name of one

—215—

not the owner; that the sale was without notice and without proper advertisement.

The plaintiff filed a plea of prescription of three years which was sustained.

The first point is fully answered by the Supreme Court in Bank vs. Marr, affirmed in Webster vs. Howcott, 47 S. R. 684, to the effect that, after property has been adjudicated to the State for taxes, proceedings against the tax collector alone will not lie to cancel such taxes.

There is no force in the suggestion that, in the cancellation suit, "Judge King passed upon the question of title in the State and held adversely thereto and so, the State, through its Auditor, could not subsequently sell the property for an adjudication which, in effect, had been declared null."

It is sufficient to say that the judgment merely cancelled taxes and made no reference to the title, and that a party may not claim to have indirectly accomplished what the law says he may not directly do.

The second contention is equally fallacious.

Erroneous assessments, defects in advertisements and want of notice are cured by the prescription of three years based on possession, actual or constructive.

In Williams vs. Chaplain, 112 La. 1075, no question of prescription was presented and the doctrine therein expressed, though accepted law, is inapplicable here.

An effort is made to show by photographic copies of the assessment rolls that the taxes for which the property was sold were paid, but it does not appear therefrom at what time the payment was made.

It is quite clear, however, from the Auditor's deed, the research certificates and Mrs. Codifer's own allegations in the cancellation suit, taken together, that the taxes were paid by defendant's purchase only.

Though the issue is not presented by the pleadings, plaintiff's counsel argues the State had waived title because it continued, after its acquisition, to assess the property in the name of the original owner.

He cites the cases at 110 La. 234, 115 La. 351, 119 La. 156 and 46 S. R. 894.

The rule fairly deducible from an examination of all those cases is that where the officers of the State continue to place property, previously adjudicated to the State, on the assessment rolls for succeeding years and to collect taxes from the tax debtor who remains in possession, such acts will be deemed a waiver of the State's title binding on its vendee.

In one of those cases, Lavedan vs. Chopin, the Court used the following language:

"Where the tax title owner pays the taxes though the property is assessed in the name of the former owner, if in all respects it is, as in this instance, the property of the State, then it affords no ground to the former owner to set aside a title acquired after these many years' delay."

See Frazer vs. Weckerling, No. 4477 of our docket in which this matter is discussed.

In the present case, Altman paid no taxes and did not have physical possession of the property, and the only tax Mrs. Codifer paid was the tax of 1901.

She bought by act under private signature, obtained no certificates of any kind from the public records and sought to avoid all further liability by a cancellation of all further taxes on the ground of prescription.

This mode of procedure savors of a convenient subterfuge which does not come in good grace from one appealing for the benefit of another equitable estoppel.

Neither Altman nor her vendee was deceived by the course of the State officers, and we do not think the principles above mentioned should be extended to a case where the party pays the tax of one out of twenty-two years, and does so *after* the State's title has been quieted by prescription.

It is further argued that the Auditor's sale in 1902 was null because the tax for 1901 had been paid and because "sales for taxes partly legal and partly illegal are invalid." 52 A. 1565.

This doctrine applies to tax sales under the revenue acts and not to sales by the State after an adjudication to it, which strictly speaking, are not tax sales but conventional sales. 109 A. 326.

—217—

Such sale is of property belonging to the State and not to the tax debtor.

The judgment rejecting the plaintiff's demand is correct.

Judgment affirmed.

March 8th, 1909.

Rehearing refused April 7, 1909.

Writ denied by Supreme Court April 27, 1909.