PROVO STY, J.
The seven squares of ground hereinafter described were adjudicat *1109 ¡ed to the state in 1885, for taxes of 1883, due 'by J. B. Patrick. Philip Veith bought same from the state in 1909. In 1910 he instituted the present suit, which is a proceeding under 'section 5 of Act No. 80 of 1888, providing for the putting in possession of purchasers of property at tax sale. He does not allege that any one else is in possession, but simply asks that the sheriff put him in possession, “unless enjoined.”
The sheriff served upon Hyman Hiller & Co. a notice in which occurs the following:
“By virtue of a writ of possession and seizure ■to me directed by the honorable the civil district ■court for the parish of Orleans, I hereby demand possession of the following described property, and upon your failure to comply with ■said demand, three days from service hereof .you will be ejected therefrom.”
Thereupon Hyman Hiller & Co. sued out ¡an injunction claiming ownership of said property through purchase from the heirs of ■J. B. Patrick in 1899. They allege that after ■said tax sale the state continued to assess the said property to the former owner, J. B. Patrick, and that all the taxes thus assessed to J. B. Patrick up to the time of the acquisition of said property by them from the heirs of J. B. Patrick as well as all the taxes ■assessed upon said property previous to said tax sale as far back as 1877, as well as the ¡said tax sale itself, were canceled by judgment of the First city court of the city of New Orleans, in a suit brought by their immediate author in title against the tax collector ; that all the taxes assessed upon the «aid property since 1895 have been paid; ■and that the state, having thus continued to ¡assess said property to the former owner, J. B. Patrick, and his successors in title, has renounced the said tax sale, or, at any rate, has estopped herself from claiming ownership under it.
Hyman Hiller & Co. have not proved the 'death of J. B. Patrick or any sale or transfer from him or his heirs; but the absence ¡of this proof is immaterial, since judgment must go against them even on the assumption of such proof having been made.
[1] The judgment by which the tax sale is said to have been set aside was not binding on the state, as it was not rendered contradictorily with any one having authority to represent the state; the tax collector, who was the sole defendant in said suit, not having had such authority. Citizens’ Bank v. Marr, 120 La. 238, 45 South. 115; Webster v. Howcott, 122 La. 365, 47 South. 683; Quaker Realty Co. v. Valloff, 127 La. 208, 53 South. 526.
[2] So far as the estoppel relied upon is concerned, true this court has held that where the former owner has continued in possession after a tax sale, and the property has continued to be assessed to him and taxes to be collected from him, the state will be considered as having renounced the tax sale and to be estopped from claiming ownership under it; but in no case has such an estoppel been recognized where the tax debtor was not in possession and the taxes that were due at the time of the tax sale and those for years afterwards have not been paid, but have only been sought to be canceled by a void judgment.
In Pitre v. Schleslinger, 110 La. 234, 34 South. 425, the only thing which the court decided was that prescription could not be invoked by the state for curing the nullity resulting from want of notice, where the tax debtor had continued in possession and the property had continued to be assessed to him and the taxes to be collected from him. The principle of that decision is that the prescription curing the nullities of a tax sale cannot be invoked as against the debtor who has continued in possession, especially in view of the fact that the tax collector, who is the very officer charged with the duty of taking possession of all property adjudicated to the state at tax sale, admits the adverse possession of the former owner by collecting taxes from him.
*1110 In Booksh v. Wilbert, 115 La. 351, 39 South. 9, the tax sale had been made under a double assessment, and the taxes had been paid, and the owner had continued in possession; and the court, having decided the ease on that ground, went on and added that, even if the tax sale had been valid, it could not have been availed of because of the continued assessment to, and collection of taxes from, the former owner. While this additional statement was not exactly obiter, it was more or less of that nature, since it was not necessary for the decision of the case.
In Lisso & Bro. v. Giddens, 117 La. 507, 41 South. 1029, the court found that the tax debtor had continued in possession, and had paid all taxes. The fact, also, that the property had been redeemed, played an important part in the case.
In Gauthreaux v. Theriot, 121 La. 871, 46 South. 892, 126 Am. St. Rep. 328, the court found that the tax sale had been invalid, and that the tax debtor had continued “in undisturbed possession” and had paid the taxes.
The main element of the estoppel upon which these decisions are based is that upon which the decision of the Supreme Court of the United States, in the case of Martin v. Barbour, 140 U. S. 634, 11 Sup. Ct. 944, 35 L. Ed. 546, cited in Pitre v. Schleslinger, supra, is based, namely, the lulling of the tax debtor into a false security by which he is deprived of the opportunity to redeem his property. Another important element is the, one that prescription cannot run against the party in possession. Another is the appealing equity that the state, having received payment of all the taxes due her ought to be satisfied. All these elements are absent from this case. In this case the taxes due the state from 1877 to 1895 have never been paid, but have been sought to be canceled by a null and void proceeding against the tax collector.
[3] Hyman Hiller & Co. objected to any evidence being admitted on the question of possession, because, as they say, Philip Veith, by serving upon them, through the sheriff, a notice to vacate, admitted that they were in possession. We do not find that any such consequence should attend the service of said notice. Hyman Hiller & Co. were the persons claiming ownership of the property, and therefore were properly served with a notice-of Philip Veith’s proceeding. Such a proceeding cannot be likened to a petitory action; but is simply a proceeding under a special statute providing for the quieting of tax titles. And, moreover, the admission imported by said notice could only be as to the present possession of the property, not as to-its possession at the time of the tax sale and for years afterwards; and it is the latter possession which plays an important part in this case. Possession at the present time is insignificant.
The judgment appealed from is therefore set aside, and the injunction herein is dissolved ; and it is now ordered, adjudged, and decreed that the plaintiff, Philip Veith, have judgment recognizing him to be the owner of the following described property situated in, the city of New Orleans, to wit: Square- No. 2,100, bounded by Spain, Washington, Humanity, and Benefit streets; square No. 1,-981, bounded by Hunters, Deers, Treasure, and Benefit streets; square No. 1,976, bounded by Washington, Music, Treasure, and Benefit streets; square No. 1,590, bounded by Marigny, Mandeville, Industry, and Florida Walk; square No. 1,801, bounded by Music, Arts, Agriculture, and Abundance streets; square-No. 1,817, bounded by Painters, Arts, Treasure, and Abundance streets; and square No. 1,973, bounded by Marigny, Mandeville, Humanity, and Benefit streeets. And that the plaintiff in injunction, Hyman Hiller & Co.,, pay the costs of this suit.
Their honors, the CHIEF JUSTICE and: Mr. Justice LAND, concur in the decree.