———————o———————

## No. 6920.

### MR. & MRS. LOVINSKI GILES v. FRED G. VEITH.

#### Syllabus.

1. The constitutional prescription of three years protects any sale for taxes, where the property can be "reasonably identified", and the tax debtor has not continued in physical possession.

2. Act 224 of 1910, requiring the tax purchaser to notify the delinquent, is not retroactive, and does not apply to tax sales made before its enactment.

3. A sale for taxes is not a contract with the City of New Orleans, but a mere ministerial act on the part of its official tax collector, who must execute the formal act of sale required by Section 64 of Act 170 of 1898. The City Charter has no application thereto, and the deed need not be signed by the Mayor.

Appeal from the Civil District Court, Parish of Orleans, No. 112,206, Division "E"; Honorable George H. Theard, Judge. Affirmed.

U. Marinoni and Theodore Cotonio, for plaintiff and appellant.

W. W. Wall, for defendant and appellee.

223

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

## I.

This is an action to annul a tax sale, and defendant sets up the constitutional prescription of three years.

The property was acquired by plaintiffs as

"a certain portion of ground * * * in Square 256, bounded by Dryades, Seventh, Baronne and Eighth, being one-half of lot Two, and measuring 25 feet front on Dryades street by a depth of 125 feet."

The property was adjudicated and sold as

"a certain portion of ground * * * designated as lot No. 1/2 of 2, in Square 256, bounded by Dryades, Eighth, Baronne and Seventh streets, measuring 26 front in Dryades street, by 125 feet in depth."

From a comparison of the two descriptions, and from the further fact that it is not pretended that plaintiff own any other property in the square, we are of opinion that the property herein sold for taxes is "reasonably identified" within the meaning of Section 67 of Act 170 of 1898.

And the evidence herein is conclusive that defendant is now, and has been ever since his purchase in physical possession of the property.

We are, therefore, of opinion that the constitutional prescription of three years has run in his favor.

## II.

It is contended that under the Act 224 of 1910 plaintiffs have time to redeem, never having been served with

notice of the tax sale as required by that Act. Passing over the fact that plaintiff has not offered to redeem, it suffices to say that defendant holds under a deed executed before that Act was passed, and the Act does not purport to be retroactive.

## III.

It is urged that the adjudication was not made to defendant himself, but to one, C. C. Sawtelle, who assigned his rights to defendant for the price of adjudication, and that this was a redemption which operated in her behalf.

We are at a loss to understand this contention. Defendant simply **bought** Sawtelle's rights under the adjudication; and as we see nothing in the assignment to him, indicative of his intention to acquire for anyone but himself, we have no alternative but to look upon it as an acquisition for his own account, and for no one else.

## IV.

It is contended that the tax deed registered in the Conveyance Office, from the registry of which prescription begins to run, is not the deed required by law, since it is not executed by the Mayor of the City of New Orleans, whilst the City Charter requires that all contracts entered into by the City of New Orleans must be signed by the Mayor thereof.

The City Charter has no application to the case at bar. The contracts which must be signed by the Mayor are those which may be authorized by the Council thereof acting as administrators of the City's affairs. A sale for taxes is not a contract with the City of New Orleans, but a mere ministerial act on the part of its official tax collector, who must execute in person, or by deputy, the for-

mal act of sale required by Section 64 of Act. 170 of 1898. The City incurs no obligation by virtue of the tax sale, except to restore the price in certain cases; and that not by virtue of any obligation assumed in the deed, but solely by virtue of special laws.

## V.

It is no part of the pleadings, and strictly we are not concerned therein, but plaintiffs ask and defendant consents that we should reserve plaintiffs' rights to demand the return of all taxes paid by them since defendant's purchase. This we do, without, however, affecting the costs.

It is, therefore, ordered that the judgment appealed from be affirmed, reserving to plaintiffs the right to demand and recover from defendant all taxes paid by them upon the property since defendant acquired the same, with legal interest thereon from time of payment.

It is further ordered that plaintiffs pay all costs of both Courts.

Opinion and decree, February 19th, 1917.

Rehearing granted, March 19th, 1917.

## ON REHEARING.

### Syllabus.

A purchaser who assumes and remains in possession of the property adjudicated to him at tax sale, is not deprived of the benefit of the prescription of Article 233 of the Constitution, by the fact that the State continues thereafter to assess the property to and to collect the taxes from the original tax debtor.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

226

Plaintiffs say that after the tax sale to defendant he failed to make return of the property to the assessor and to have it assessed in his name, but, on the contrary, after such sale, the property continued to be assessed in the name of plaintiffs, who have paid all taxes subsequently levied against the property. And they claim that under these alleged circumstances this Court should have held that defendant had forfeited all right to plead the prescription of Article 233 of the Constitution.

Had the plaintiffs retained possession of the property at and subsequent to the tax sale or had the property been in the possession neither of plaintiffs nor of defendant during such period, the fact that the property continued to be assessed to and the taxes to be paid by plaintiffs might have deprived defendant of the privilege of availing himself of the prescription of Article 233 of the Constitution in aid of his tax title.

> *Pitre v. Schlesinger,* 110 *La.,* 234.
> *Bartley v. Sallier,* 118 *La.,* 93.
> *Lavedan v. Choppin,* 119 *La.,* 1056.

But we are not confronted with such a situation here, for it is proved beyond question that defendant has continually retained the exclusive, physical possession of the property since it was adjudicated to him at tax sale in January, 1910. And we know of no case which holds that a tax purchaser, thus in possession, forfeits the benefits of Article 233 of the Constitution by failing to pay subsequent taxes or by the act of the State in continuing to assess the property to and to collect the taxes from the original tax debtor.

> See *Hirst v. Xeter Realty, Ltd.,* 138 *La.,* 398.

Plaintiffs further contend that defendant is estopped from pleading this prescription because by his conduct in other respects he lulled them into the belief that he would not rely thereon. We find no evidence whatever in the record to support this alleged estoppel.

We observe no error in our former opinion and decree, and for the reasons set forth the same are accordingly reinstated and made the judgment of this Court.

Former opinion and decree reinstated.

Opinion and decree, April 30th, 1917.

Writ denied, June 13th, 1917.