(79 South. 521)

No. 21178.

EBERT v. WOODVILLE et al.

(May 27, 1918. Rehearing Denied June 29, 1918.)

*(Syllabus by the Court.)*

1. TAXATION ⬡679(1)—TAX SALE—PROPERTY ACQUIRED BY STATE.

Property acquired by the state of Louisiana at a tax sale is legally acquired.

2. TAX SALE—STATUTES.

There shall be no forfeiture of property for nonpayment of taxes, but the same shall be sold by the tax collector for the taxes due thereon.

3. JUDGMENT ⬡489—TAX SALE—JUDGMENT ANNULLING SALE TO STATE—VALIDITY.

A judgment, annulling a sale to the state for delinquent taxes, rendered by a court without jurisdiction rationæ materiæ, in a suit where the state is not a party, and where all of the taxes have not been paid, is null and void.

4. TAXATION ⬡692 — TAX SALE — ANNULMENT BY JUDGMENT—RIGHT OF STATE.

The state is not equitably estopped from claiming title because of a null and void judgment canceling the act of sale, or because the assessor and tax collector have continued to assess the property to the former owner and to collect taxes from him.

Appeal from Civil District Court, Parish of Orleans; Porter Parker, Judge.

Action to confirm tax title by Joseph F. Ebert against Mrs. John Alonzo Woodville and others, in which defendant Mrs. Woodville called upon her vendors in warranty. Judgment for plaintiff against defendant and her warrantors, and defendants appeal. Judgment amended and, as amended, affirmed.

Woodville & Woodville, of New Orleans, for appellants Woodville. Alfred D. Dan-

ziger, of New Orleans, for appellants Cohen, Rennyson, and Watermeier. Wm. Winans Wall, of New Orleans, for appellee.

SOMMERVILLE, J. Plaintiff alleges himself to be the owner, in possession, of vacant squares and part squares of property in the city of New Orleans, which he acquired by mesne conveyances from the state of Louisiana. The state, in turn, had title, by purchase, from Edward L. Deluzain, delinquent tax debtor, for the taxes for the year 1882. The auditor's deeds to plaintiff's author in title are dated March 1, March 12, and March 12, 1910. Plaintiff alleges his predecessors in title have had possession for more than 30 years, and he invokes the prescription of 3 years, and he asks that his title to the land be quieted and confirmed under act No. 101 of 1898. He also alleges that the tax debtor, the owner of the property at the time it was sold to the state, had transferred whatever title to or interest in said property he might have, after the tax sale to the state, to Mrs. Wilhelmina Becker, wife of John Alonzo Woodville, of New Orleans, and he asks that she be cited to answer his demand, and that he have judgment quieting and confirming his said tax titles to the property and recognizing him as sole owner thereof in perfect ownership.

Mrs. Woodville, the defendant, answered, setting up several defenses, and called upon her vendors in warranty to defend the title held by her.

There was judgment in favor of plaintiff, and against defendant and her warrantors, from which judgment defendants have appealed.

The questions presented in the case are not new. They have all been heretofore disposed of by several decisions of the court.

Defendants, on their briefs, say: "It is estoppel that we are pleading in this case, and estoppel only." And they base their plea of estoppel upon a judgment of the first city court, city of New Orleans, wherein certain taxes, including the taxes of 1882, for which the property was sold, were ordered canceled and erased, and in which the sale to the state of Louisiana was also ordered canceled and erased from the records, and upon the further ground that the board of assessors of the parish of Orleans continued to assess the property in the name of Deluzain, the former owner of the property, and the tax debtor, after the sale to the state in 1885; and the tax collector collected taxes on those assessments for and on behalf of the state in the years subsequent to the date of the sale of the property to the state.

[1-3] It has heretofore been held that judgments by the first city court of the City of New Orleans, annulling state tax sales, were absolutely null and void, for the reason that the court was without jurisdiction to try cases involving titles to real property, and for the further reason that the state was not a party defendant in those suits, and that it was not bound thereby. Besides, the property was worth more than $100, the lower jurisdiction of the court. There was really no suit against the state brought by the former owner of the property.

The property involved in this suit was not forfeited to the state, as argued on behalf of defendants, but was legally sold to the state for the amount of the taxes due on the property for the year for which it was sold. "There shall be no forfeiture of property for the nonpayment of taxes. * * * On the day of sale he [the tax collector] shall sell such portion of the property as the debtor shall point out, * * * which any bidder will buy for the amount of the taxes, interest and costs." Const. art. 233. The same provision of law was in the Constitution of 1879.

[4] The state is not estopped by the ille-

gal action of the first city court of the city of New Orleans in attempting to annul the sales to the state against the prohibition cited in the law, in a suit where the state was not a party. The judgment of the court was absolutely null and void, and it was not acquiesced in by the state at any time. On the contrary, the state sold the property to the plaintiff in this case as its property, and the state auditor gave title deeds thereto to plaintiff's author.

The state is not estopped by the acts of the assessors and the collector in assessing and collecting taxes on the property while it belonged to the state of Louisiana. The law is explicit to the effect that property in such case should not be assessed to the former owner, except for the year following the sale, during which time the former owner may redeem the property.

The equitable estoppel pleaded by defendants, based on the illegal actions of the assessor and collector, has been fully considered in several cases, and it has been held to have no application.

Counsel refer to the case of In re Veith, 130 La. 1108, 58 South. 899, and say:

"As we understand the position in Re Veith, which we here ask the court to overrule, it is that the assessor or tax collector exceeded his authority in placing the property on the tax rolls which had been adjudicated to the state."

And again:

"The time has came now for this court to correct the errors into which it fell in deciding In re Veith."

And defendants proceed to argue the proposition that the state is estopped from showing that the officers referred to exceeded their authority in assessing the property to Deluzain and collecting taxes from him. But the court have heretofore given fullest consideration to this proposition, and shall apply the rule of stare decisis, which results from the decisions, not one decision, and all to the same effect, in Re Veith, 130 La. 1108,

58 South. 899, Quaker Realty Co. v. Purcell, 121 La. 496, 59 South. 915, Quaker Realty Co. v. Purcell, 134 La. 1022, 64 South. 894, Quaker Realty Co. v. Labasse, 131 La. 996, 60 South. 661, Ann. Cas. 1914A, 1073, and to hold that the state is not equitably estopped by the actions of those officers.

In addition to the decisions of the court just referred to, the Legislature has declared the law to be:

"That after property has been adjudicated to the state in default of a bidder, as provided in section 53, the same shall be continued to be assessed in the name of the person to whom it belonged at the date of the sale until the lapse of one year from date of recording the act of sale to the state, but the tax collector shall not sell the same under the assessment and no tax shall be collected or received thereon by the tax collector of or from the former owner while said property remains in a condition of forfeiture to the state, and said continued assessment or any erroneous assessment to the former owner thereafter made and no error of the tax collector in receiving taxes under said continuous assessment or other erroneous assessment, and noncontinued possession by said property by said former owner shall ever be considered or construed by any court of this state as an estoppel of the state from claiming said property or as affecting in way the title of the state to said property or its rights to possession thereof." Section 61, Act No. 315, 1910, p. 536.

The matter has received serious and thorough consideration by the court and the Legislature, and the arguments presented in this case are not new. We adhere to the former rulings, that the state is not judicially estopped from asserting title to property acquired at tax sales under the conditions suggested by defendants.

Plaintiff did not offer evidence to show that he had title to the property firstly described by him in his petition; and his claim therefor will be nonsuited. As the New Orleans & Northeastern Railroad Company, said to be the owner of parts of the property involved, is not a party defendant, the decision of the case does not affect its title.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be amended by striking therefrom the words

and figures, "(1) A certain square of ground bounded by People's avenue, Lafayette avenue, Agriculture and Abundance streets," and, as to the claim for that square, that a judgment as of nonsuit be entered; and, as thus amended, the judgment is affirmed. Costs of appeal to be paid by appellee.