(95 South. 718)

No. 25336.

## BRADLEY v. CITY OF NEW ORLEANS.

(Feb. 26, 1923.)

*(Syllabus by Editorial Staff.)*

**1. Taxation** ⊚⟲805(1) — **Constitutional prescription not interrupted by assessment to former owner and collection of taxes from him.**

Under Act No. 315 of 1910, § 61, forbidding assessors and collectors after sale of land to the state for taxes to assess the former owner or collect taxes from him, the constitutional prescription is not interrupted by such assessment and collection unless former owner was in actual physical possession.

**2. Taxation** ⊚⟲805(4)—**Consolidated registry of three tax sales held sufficient to start prescription running.**

Under Civ. Code, arts. 2259–2263, relative to registration of notarial acts transferring property in parish of Orleans, consolidated registry of three tax sales passed before same notary on same day *held* sufficient to start the constitutional prescription running.

Appeal from Civil District Court, Parish of Orleans; Porter Parker, Judge.

Suit by Lauren J. Bradley against the City of New Orleans. From a judgment for plaintiff, defendant appeals. Reversed, and judgment ordered rejecting plaintiff's demand.

Ivy G. Kittredge, City Atty., and W. Catesby Jones, Asst. City. Atty., both of New Orleans, for appellant.

Wm. Winans Wall, of New Orleans, for appellee.

ST. PAUL, J. This is a suit to annul a tax deed to the defendant. The grounds of complaint are that the property was sold under an assessment in the name of one not the 'owner, and without notice given to such owner. This is established; but defendant relies upon the prescription of three years.

It is alleged by plaintiff that from the time of said sale the property was assessed to one of plaintiff's authors and the taxes collected on said assessment. This is established. It is further alleged that plaintiff's authors were in actual physical possession of the property during the time when it was so assessed and said taxes collected. But this is denied, and has not been proved.

### I.

[1] In Crillen v. N. O. Terminal Co., 117 La. 349, 353, 41 South. 645, decided in 1906, this court said that the constitutional prescription of three years for the curing of tax titles, except where the taxes had been paid, did not apply in two cases: (1) Where the tax debtor was allowed to remain in actual corporeal possession; and (2) where the state has continued to assess the property to the former owner and to receive from him the taxes so assessed—citing Carey v. Cagney, 109 La. 77, 33 South. 89, and Pitre v. Schleslinger, 110 La. 234, 34 South. 425.

But in 1910 (Act 315, § 61, p. 536) the Legislature passed an act which forbade tax assessors and tax collectors, after one year from a sale to the state, to assess the former owner or collect taxes from him, and declared that the failure of said officers to obey this law should not estop the state "from claiming said property, or as affecting in any way the title of the state to said property or its right to possession thereof."

Accordingly, in Quaker Realty Co. v. Purcell, 131 La. 496, 59 South. 915, decided in 1912, and again in another suit between the same parties, reported in 134 La. 1022, 64 South. 894, this court held that the constitutional prescription of three years was not interrupted by the act of the assessor and tax collector in assessing the property to the former owner and collecting from him the taxes on said assessment, unless such former owner alleged and proved that he was in actual physical possession of the

property · during the time that it was assessed to him.

And this precise point was again decided in the same way in Hirst v. Xeter Realty Co., 138 La. 399, 70 South. 339, and Baldwin Lumber Co. v. Dalferes, 138 La. 508, 70 South. 493. Substantially to the same effect, see Ebert v. Woodville, 143 ·La. 874, 79 South. 521, and Atchafalaya Land Co. v. Williams Cypress Co., 146 La. 1047, 84 South. 351, and see Act 119 of 1882.

## II.

[2] As the constitutional prescription aforesaid runs only from the time when the tax sale is registered in the conveyance office, plaintiff urges that said prescription cannot avail defendant, claiming that the tax sale has never yet been registered.

Bearing in mind that in the parish of Orleans notarial acts transferring property are not registered in full, but only extracts thereof furnished by the notary or taken by the registrar himself (C. C. arts. 2259–2263), we find that the register in this case consolidated the contents of three tax sales passed before the same notary on the same day by reciting at the top thereof the name of the notary and date of the sales and the matters common to all three acts, and then proceeded to the details of Acts Nos. 1, 2, and 3, reciting under each number only the matter pertinent to the particular act.

This we think was a sufficient registry. The registry as it stands furnishes every detail required by C. C. art. 2259, and any person could obtain from the registry as made all the information that he could gain from a repetition in each portion of the registry of the general recitals placed at the top.

### Decree.

The judgment appealed from is therefore reversed, and it is now ordered that there be judgment herein rejecting the demand of the plaintiff at his cost in both courts.