McCALL v. BLOUIN ET AL.

(December 14, 1931. Opinion and Decree.)
(January 11, 1932. Rehearing Refused.)
(February 29, 1932. Writs of Certiorari and
Review Refused by Supreme Court.)

Fred G. Veith, of New Orleans, attorney for plaintiff, appellant.

Michel Provosty, Francis P. Burns and George D. Lehy, of New Orleans, attorneys for City of New Orleans, defendant, appellee.

Ben Washastrom, of New Orleans, curator ad hoc, for other defendants, appellees.

WESTERFIELD, J. This is a suit to confirm a tax title to three pieces of property of which the plaintiff, Wm. J. McCall, claims to be the owner. The several items are described in article 1 of plaintiff's petition. Subsequent to the institution of the suit, by agreements embodied in judgments, two of the three items were removed from this controversy, leaving only the property described in subparagraph (a) of the petition, consisting of two lots of ground in the Third district, numbered 12 and 24 in square 34, bounded by Prosper, Louisa, Solidelle and Piety streets.

Plaintiff claims to be the owner of these two lots by virtue of an act, under private signature, dated December 9, 1929, whereby the property was conveyed to him by the Third District Land Company. The Third

District Land Company acquired the property by purchase, at a tax sale, by the city of New Orleans for taxes for the year 1924, the property being assessed in the name of F. J. Kiermey, and the notarial act evidencing said sale dated April 5, 1926, and registered in C. O. B. Book No. 412, folio 188.

The suit was originally brought against a number of former owners, including some unknown, represented in this proceeding by a curator ad hoc, and subsequently, by supplemental petition, the city of New Orleans was joined as party defendant, plaintiff alleging that the property had been adjudicated to the city on April 15, 1915, for delinquent taxes for the year 1912, and assessed in the name of F. J. Kiermey, and registered in C. O. B. Book No. 271, folio 450. The city answered claiming title to the property under the adjudication of April 15, 1915.

There was judgment below in favor of each defendant rejecting plaintiff's demand. Plaintiff has appealed.

The first point to be considered is the effect of the tax sale of April 5, 1926, under which plaintiff claims title in view of the adjudication to the city of New Orleans of April 15, 1915. In other words, did the action of the city of New Orleans in assessing and selling the property for the taxes of 1924 operate as an estoppel against it and preclude it from claiming under the adjudication to it in 1915?

The provisions of the Constitution, with reference to the collection of state taxes and tax sales, apply to municipal taxes. Article 243 of the Constitution of 1898 and section 14 of article 10 of the Constitution of 1921.

Section 53 of Act No. 170 of 1898, as amended by Act No. 235 of 1928, among other things, provides:

"The tax collector is hereby authorized to bid in said property for the State and shall not readvertise for sale said property or properties so adjudicated to the State, unless the same has been redeemed."

Section 61 of Act No. 170 of 1898, as amended by Act No. 315 of 1910 provides:

"That after property has been adjudicated to the State in default of a bidder, as provided in section 53, the same shall be continued to be assessed in the name of the person to whom it belonged at the date of the sale until the lapse of one year from date of recording the Act of Sale to the State, but the Tax Collector shall not sell the same under the assessment and no tax shall be collected or received thereon by the Tax Collector of or from the former owner while said property remains in a condition of forfeiture to the State and said continued assessment or any erroneous assessment to the former owner thereafter made and no error of the tax collector in receiving taxes under said continuous assessment or other erroneous assessment and non-continued possession of said property by said former owner shall ever be considered or construed by any court of this State as an estoppel of the State from claiming said property or as affecting in any way the title of the State to said property or its rights to possession thereof."

Section 62 of Act No. 170 of 1898, as amended by Act No. 315 of 1910, sec. 6, and Act No. 41 of 1912 and Act No. 72 of 1928, provides:

"That if the owner or any person interested personally or as heir, legatee, creditor or otherwise, in any lots or lands bid in for and adjudicated to the State, as long as the title thereto is in the State or in any of its political subdivisions, or if not heretofore contracted to be sold by such subdivisions, shall pay to the Treasurer of the State, the taxes, interests and costs and twenty (20) per cent. thereon, the Register of the State Land Office, upon production of the Treasurer's receipt,

shall execute and deliver to such persons a certificate of the same under the seal of his office, which, when duly recorded in the Conveyance Office of the Parish wherein said property is situated, shall be held and taken as evidence of the redemption of such land or lands with the name of the person redeeming the same. The amount paid shall be entered upon the records of lands by said Register and he shall immediately and in writing notify the assessor of the Parish wherein said redeemed lot or lands are situated of said redemption, provided, no certificate of redemption shall be issued until all taxes, State, Parochial, district and municipal, due up to the day of redemption, have been paid on said property. But all certificates issued under this section shall be in the name of the original owner to enure to the benefit of all persons holding rights under said owner."

It thus appears that following the adjudication of property to the city the law requires it to be assessed in the name of the person to whom it belonged at the date of adjudication for a period of one year, following which the property is to remain in the possession of the city until it shall have been redeemed in the manner pointed out. The fact that the property is continued upon the rolls in the name of the former owner, and taxes under the continued assessment collected, cannot operate as an estoppel against the city in claiming title to property which has not been redeemed, and a sale made under such erroneous assessment is null. See Neal et al. v. Pitre et al., 142 La. 737, 77 So. 582, 584, where it was said:

"The sale of April 28, 1908, was based upon an assessment made in the name of 'unknown owners,' although at that time the title to the property was in the state. The state's property could not be sold in any such manner. * * *

"Being of the opinion then that the tax sale of April 28, 1908, was a nullity, it could vest no title or interest in the property in Lyons or Pitre."

See, also, Ebert v. Woodville, 143 La. 874, 79 So. 521.

In Winn Parish Bank v. White Sulphur Lumber Company, 133 La. 282, 62 So. 907, 909, where the validity of tax titles, under similar circumstances, was considered, the court held:

"The tax sale of 1886 to the state precluded the assessment of the property for taxes for the year 1898."

In Bradley v. City of New Orleans, 153 La. 281, 95 So. 718, a case in which a plaintiff sought to annul a tax adjudication to the city of New Orleans upon the ground that the property was sold to the city in the name of one not the owner, and without notice, the court held that the facts relied upon had been established, but the city interposed a plea of prescription of three years. In discussing the question of prescription, the court said that though in Crillen v. N. O. Terminal Co., 117 La. 349, 41 So. 645, decided in 1906, it had been held that the constitutional prescription of three years for the curing of tax titles did not apply where the state had continued to assess the property to the former owner and received from him the taxes so assessed, that in view of Act No. 315 of 1910 forbidding tax assessors and tax collectors, after one year from a sale to the state, to assess the former owner or collect taxes from him, and decreeing that the failure of said officers to obey the law in this respect did not estop the state from claiming said property, that the holding in Crillen v. N. O. Terminal Co., supra, was obsolete, citing a number of authorities.

The fee of Ben Washastrom, curator ad hoc, fixed by the judge a quo at $40, it is said, should be reduced to $10, in accordance with the provisions of Act No. 101 of 1898, as interpreted in Re Quaker Real-

ty Co., 122 La. 43, 47 So. 369. It appears that Washastrom represented four defendants, Frederick Jaufroid, Theodore Jaufroid, James F. Kierney, and James F. Keeney, and, as we understand it, under the decision relied on, he is entitled to $10 for each defendant that he represents.

For the reasons assigned, the judgment appealed from is affirmed.