**THIRD DISTRICT LAND CO., Limited, v. TOKA et al.***

No. 16512.

Court of Appeal of Louisiana. Orleans.

Nov. 30, 1936.

Fred G. Veith, of New Orleans, for appellants.

Nedra Pilsbury Bywater, of New Orleans, for appellee.

WESTERFIELD, Judge.

This is an appeal from a judgment on a rule to fix the fee of a curator ad hoc in a suit to quiet and confirm tax title to twelve pieces of real estate, the plaintiff in rule and appellant contending that the fee should be fixed at $10 and the defendant and appellee that it should be $140, as awarded by the trial court. The suit was

*Rehearing denied Jan. 11, 1937.

brought pursuant to the provisions of Act No. 106 of 1934, which authorized the joining in such proceeding of "two or more former proprietors of separate tracts who have no privity or community of interest," and provides "that if the former proprietor be a non-resident of the State, or unknown, or his residence be unknown, the court shall appoint a curator ad hoc to represent him and receive service, and curator shall receive for his services not more than ten dollars for each suit, the same to be taxed as costs of suit."

There are fourteen absent or unknown owners involved here and seven parcels of land. The argument on behalf of plaintiff is that, in view of the provisions of the act limiting the fee of a curator ad hoc to $10 "for each suit," no more than this amount can be paid, regardless of the number of absentees or of unknown persons which the curator may represent. Act No. 106 of 1934 is a re-enactment of Act No. 101 of 1898, made necessary by changes in the Constitution relative to the prescriptive period for the quieting of tax titles. The words "for each suit" in the sentence which fixes the fee of the curator ad hoc are not found in the act of 1898, and it is claimed that this indicates an intention on the part of the Legislature to overcome the authority of the decisions of this court and of the Supreme Court holding that a curator's fee in similar proceedings brought under the former act should be fixed at $10 for each absentee or former owner represented. See In re Quaker Realty Company, 122 La. 43, 47 So. 369; McCall v. Blouin et al., 18 La. App. 717, 138 So. 528. We have heretofore pointed out that a change in the Constitution relative to tax titles made the re-enactment of the law concerning suits to quiet such titles necessary. It is therefore apparent that there was sufficient reason for the enactment of the act of 1934. Of course, in re-enacting the statute the Legislature could have made any desirable change, including that which counsel contends was made.

The earlier act, so far as it is pertinent here, is exactly the same as the later act. Both acts authorize a tax purchaser to "institute suit" against former proprietors and "if the former proprietor be a non-resident of the State, or unknown * * the court shall appoint a curator ad hoc to represent him and receive service, and said curator shall receive for his services not more than ten dollars." It will be ob-

served that the singular pronoun "him" is used in speaking of the party to be represented by the curator. The second section of the act allows cumulation of actions against parties having no privity of interest in the same suit, but there is nothing in this section concerning the fee of the curator in consolidated suits. The first section, as it appears in the earlier act, without the words "for each suit," was interpreted as authorizing a fee of $10 for each absentee or unknown owner for the reasons given in the Quaker Realty Company Case, though it was realized that the language was somewhat ambiguous, as appears by the following:

"Referring to the statute, we find 'that the proprietor, if he be a nonresident of the state or unknown, a curator ad hoc shall be appointed'.

"In matter of tax sale, each defendant may have separate and distinct rights. The defendants do not necessarily stand together in defending their title. One of the former proprietors may be in good faith, and the other may be in good (bad) faith. It may be that as to one the length of time he has been in possession gives him the right to prescription.

"In every such instance a curator ad hoc would have to represent separate interests differing one from the other.

"In order to illustrate, we will refer to that part of the statute which provides that in actions to acquire tax titles two or more former proprietors who have separate tracts and no privity or community interest may at the option of the purchaser be brought to court in one and the same suit."

The court further said:

"In ordinary practice an attorney would charge for services rendered in each case.

"In construing the act in question the customary charge of a fee may be considered.

"The statute before us begins with the declaration that a suit may be brought against former owners (to quote from the statute) 'as in ordinary action against the proprietor or proprietors of the property', although in the body of the act following the foregoing expressions are in the singular. It does not entirely escape the effect of the plural as used in the first part. It refers to suits brought against proprietor or proprietors. When there are proprietors having separate and distinct interest as before stated, then it does seem

that the interpretation placed upon the statute heretofore is not manifestly erroneous."

The words "for each suit" found in the first section of the later act added nothing to its meaning except to express that which was implied in the earlier act. The fee of $10 established by the former act was, by implication, "for each suit."

As we have observed, the second section of the act authorizes the cumulation of actions and nothing is there said about the fee of the curator representing defendants in cumulated actions. If it had been the intention of the Legislature to change the situation with respect to the fee of the curator as authorized under the earlier act and as interpreted by the decisions of the courts, a provision in appropriate language would have been found in section 2, which deals with multiple actions.

■ The argument made by counsel at the bar of the court concerning the intention of the Legislature and his statement that he had drafted the pertinent section of the act and had personally appeared before the legislative committee having the legislation in charge to urge its inclusion in the act cannot be accepted as an aid in construing the statute even if his statement be borne out by the record, for we must determine the intention of the Legislature by the words of the statute.

"The intention of the legislature to which effect must be given is that expressed in the statute, and the court will not inquire into the motives which influenced the legislature, or individual members, in voting for its passage; nor indeed as to the intention of the draftsman, or of the legislature, so far as it has not been expressed in the act. So, in ascertaining the meaning of a statute, the court will not be governed or influenced by the views or opinions of any or all of the members of the legislature or its legislative committees, or of any other persons." Corpus Juris, Verbo Statutes, vol. 59, p. 1017.

■ We are influenced in the conclusion which we have reached as to the meaning of this statute by the rule of construction which requires that doubtful and ambiguous language should be so interpreted as to promote natural justice and substantial equity. We cannot believe that it was the intent of the Legislature to establish the manifestly inequitable situation which would result from the limiting of the fee of a curator, in cases where the curator represents numerous parties, to the amount allowed in the case of a single individual. If the judge of the district court, who appointed Mrs. Bywater in this case to represent all fourteen defendants, had appointed a different curator for each absentee, it would hardly be argued that but one-fourteenth of $10 or $.71 should be paid each curator. If it be conceded that each curator would be entitled to $10, it must be because of the fact that there were fourteen parties represented. In other words, the fee is based upon the number of absentee or unknown persons and not upon the number of suits filed, because it is the absentee or unknown person which makes the appointment of the curator necessary. The fact that all of the former owners impleaded are represented by one individual can make no difference in principle.

There is no authority for allowing a fee of $10 for each parcel of land involved, as counsel alternatively suggests. Such construction of the statute would be entirely arbitrary. The act must receive a reasonable and equitable interpretation, and we believe our conclusion to be consistent with reason and equity.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.