WINSOR v. TAYLOR

___

(January 30, 1928. Opinion and Decree.)

___

(*Syllabus by the Court*)

1. Louisiana Digest—Taxation—Par. 377 380.
In order to interrupt the constitutional prescription of three years in favor of tax sales, suit must be brought against the record owner of the property within the prescriptive period. A suit against the tax purchaser who has previously sold the property will not suffice.

Appeal from Civil District Court, Division "B". Hon. Mark M. Boatner, Judge.

Action by Mrs. Harriet Anne Winsor et al. against R. M. Taylor.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Monroe & Lemann, Walter J. Suthon, Jr., of New Orleans, attorneys for plaintiff, appellant.

Wm. Winans Wall, of New Orleans, attorney for defendant, appellee.

WESTERFIELD, J. Plaintiffs, the widow and heirs of the late George L. Winsor, brought this suit on October 18th, 1923, against Robert M. Taylor, the adjudicatee at a tax sale of a certain piece of real estate described in the petition, for the purpose of annulling the sale on the ground that the property had not been advertised for thirty days and upon the further ground that Taylor was an employee of the munici-

pal tax collecting department, and, as such, not permitted to purchase the property, by the prohibitory provisions of Act 94 of 1902.

Taylor excepted to the suit upon the ground that he was without interest in the property by reason of his having sold it to the Third District Land Company, Ltd., on March 24, 1922. On November 9, 1923, plaintiffs, by supplemental petition, made the Land Company a party.

Defendant relies entirely upon a plea of prescription of three years as established by the constitution.

The record shows that Taylor acquired the property at a tax sale which was recorded October 22, 1923. This suit was filed October 18, 1923, or within the three years, but at the time the suit was filed Taylor had parted with title and his vendee the Third District Land Co., the record owner was not made party to the suit until November 9th, 1923, or more than three years after the tax sale. Counsel contends, however, that it is unnecessary to sue the owner within the prescriptive period and that it suffices to sue the tax purchaser. We are referred to Weber vs. Harris et al., Man. Unrep. Cases 252, from which the following is quoted: "In a suit to annul a tax sale, the purchaser at such sale is a necessary party to the suit." And to Neal vs. Pitre, 142 La. 737, 77 So. 582, and Recker vs. Dupuy, 161 La. 392, 108 So. 782, from which the following is quoted:

"The proceeding to annul is instituted when the suit is filed, for citation follows the institution of the suit."

In the case at bar the tax purchaser had sold before the institution of the suit, and no suit filed, nor judicial demand made upon the owner and party in interest prior to the expiration of the prescriptive period.

Whether the prescription begins to run from the date of the service of citation or from the filing of the suit is of no consequence here, since neither suit nor service against the owner of the property was filed or effected within the three years. We cannot follow counsel in his contention that suit against the tax purchaser was alone sufficient to interrupt prescription.

The prescription of three years was properly maintained. The judgment appealed from must be and it is affirmed.