THOMPSON, J.
 

 The St. Bernard Syndicate owned approximately 90,000 acres of land situated in St. Bernard parish. The owner defaulted in the payment of its taxes for 1923, and in 1924 the land was adjudicated to the state in default of any one offering to bid the amount of the taxes, penalties, and costs either for the whole or a portion less than the whole of the said land.
 

 The lands were assessed following the sale to the state to the original owner for 1924.
 

 Some time in 1927 the plaintiff offered to redeem the lands from the state upon paying the taxes, penalties, and costs for which the land had been sold together with the taxes assessed for 1924. The officers of the state charged with the duty of issuing redemption certificates for land sold to the state refused to permit the plaintiff to redeem unless an amount equal to what the taxes with interest would have amounted to for the years subsequent to the sale to the state were paid.
 

 Thereupon the plaintiff instituted this suit against the state treasurer, the register of the land office, and the state and parish tax collector of St. Bernard parish, to compel the acceptance of the amount necessary to redeem for the years 1923 and 1924.
 

 A committee of three, representing the owners of certain bonds issued by the Bayou Terre Aux Bouefs drainage district, which includes all the territory embraced within the limits of the parish of St. Bernard and upon which lands an acreage tax had been levied to meet the payment of said bonds and interest, intervened in the suit and joined with the state officers in their demand for the payment of all taxes due upon the lands to the date of redemption.
 

 Upon a trial the mandamus was made absolute ordering the said officers of the state to allow the plaintiffs to redeem said lands on paying the price of adjudication to the state and the taxes of 1924 with interest, penalties, and costs.
 

 The defendants and interveners have appealed.
 

 The theory upon which the plaintiff seeks to get back all of its land from the state, without paying any taxes subsequent to the year 1924, is that there was no assessment of said lands after 1924 and without such an assessment the officers could not demand and the tax debtor could not be required to pay any sum except that for 1923 and 1924.
 

 The question at issue involves the interpretation to be placed on) the words used in the statute which conferred the right of redemption.
 

 Section 62 of Act No. 170 of 1898, as amend-. ed by Act No. 41 of 1912, provides that if the owner or any person interested personally as heir, legatee, creditor, or otherwise in any lots or lands bid in for an adjudication to the state, as long as the title thereto is in the state, shall pay to the treasurer of the state the taxes, interest, and costs apd 20 per cent thereon, the register of the state land office, upon production of the treasurer’s receipt, shall execute and deliver to such person a certificate of the same under the seal of his of
 
 *669
 
 fice, which shall be held and taken as evidence of the redemption of such lots or lands with the name of the person redeeming the same.
 

 The amount paid' shall be entered upon the records of lands by said register, and immediately he shall in writing notify the assessor of the parish wherein said redeemed lot or lands are situated of said redemption, provided no certificate of redemption shall be issued until
 
 all taxes, state, parochial, district and municipal, due up to the day of redemption, have teen paid on said property.
 
 Underscoring by the writer.
 

 We shall waste no time in discussing the right of the Legislature to pass such a statute.
 

 There is nothing in any of the Constitutions which expressly or inferentially prohibits the Legislature from permitting the owner or any interested person from redeeming lands adjudicated to the state for taxes so long as the state has not disposed of the lands.
 

 'The auditor of the state has from time to time permitted such redemption to be made after the one year had expired from the date of the registry of the tax sale, and his action was approved by this court in Charbonnet v. Forschler, 138 La. 280, 70 So. 224.
 

 It will be observed that in the section of the statute we have quoted no reference whatever is made to an assessment of property which has been, sold to thef state as a basis on which to compute the amount to be paid for redemption except for the year following that for which the sale was made. Indeed, there could have been no legal assessment made of the property for the years for which the plaintiff resists payment, and the plaintiff concedes this.
 

 The title to the property was in the state, and the state does not assess its own property for taxes.
 

 There can be no doubt that an assessment must be made before lands can be sold for the nonpayment of taxes, but it is a mistake to say that there must be an actual assessment while the land remains the property of the state as a basis for fixing the price the state-requires for redemption.
 

 Counsel for plaintiff confuses the word “due” as used in the statute with the word “assessment.”
 

 The words of the statute are that all taxes
 
 due
 
 up to the date of redemption shall be paid before any certificate of redemption can be issued.
 

 Taxes are levied by the sovereign taxing authority. Assessments are made by designated officers for the purpose of description, classification, and valuation by which the amount of taxes levied and due can be ascertained and determined.
 

 The taxes so levied are none the less due and owing by the property they are levied against, although payment cannot be enforced without an assessment.
 

 It is by the grace of the state that an owner of property which has been sold to the state is given the right to redeem.
 

 In the case of Martinez v. Tax Collectors, 42 La. Ann. page 677, 7 So. 796, 797, the court said:
 

 “No reasons are urged, or can be urged, why the state, being the owner of the property, could not sell the same and fix the price, and impose such conditions on the sale as she deemed fit and. proper. There is no restriction that can be placed upon the conditions which she may impose upon the sale of her property.”
 

 What was there said with reference to the sale of the property of the state is true in matters of redemption.
 

 The state in granting a right of redemption can impose on the person authorized to re
 
 *671
 
 deem such conditions as the Legislature in its wisdom may see fit to impose.
 

 The statute here under consideration granted tlie right of redemption on
 
 the
 
 condition that the party redeeming should pay into the state treasury not only the taxes, inter•ests, and costs and 20 per cent thereon for which the property was adjudicated to the state, but in addition thereto all taxes, state, parochial, district, and municipal, due.up to the day of redemption.
 

 The language thus used is susceptible of only one interpretation, and that is that taxes in case of redemption were to he considered due and owing to the state for all of the years intervening between the tax sale and the exercise of the right of redemption and that these should be paid before the lands could be redeemed.
 

 Any other interpretation would necessarily expunge from the law the words of the proviso “due up to the day of redemption,” and put the state in the attitude of carrying the tax debtor’s land free of taxation for the years succeeding 1924.
 

 The state through its proper officers is authorized to sell lands which it has acquired in satisfaction of taxes, and it can hardly be presumed that the state would have been willing to return lands so adjudicated simply on payment of the amount due up to the time it became owner. The intention to do so ought to be clearly expressed.
 

 To place the construction on the statute as contended for by plaintiff and as held by the lower court, would amount to a remission of any claim for taxes which should have been paid by the plaintiff had it not permitted the adjudication to the state, for the five years succeeding the date of sale.
 

 This would in effect be paying an excessive premium for plaintiff’s failure to discharge its civic duty and to bear its proper proportion of the expenses of the state government.
 

 The ordinance of the Constitution of 1879 for the relief of delinquent taxpayers provided for the redemption of all property which had been forfeited to the state for taxes prior to December 31, 1879. The language used there was almost the same language used in the statute under consideration. As a consideration for the redemption it was required that the party redeeming should pay all taxes and licenses that may be due on the property at the date of redemption.
 

 Act No. 82 of 1884 authorized the sale of property which had been bid in for and adjudicated to the state prior to December 31, 1879.
 

 One of the conditions imposed by that statute was that the purchaser should assume and promise to pay and to take such property subject to all unpaid taxes on the same due subsequent to December 31, 1879.
 

 The same situation existed then as it exists now. It was illegal to assess property the title to which had vested in the state. While we know as men .that such assessments were continued to be made, yet that fact did not make the taxes due if the state saw fit to ignore such assessments. However, the state elected to treat all taxes subsequent to December 31, 1879, as due and to provide for the payment as a consideration for sale of property which had prior to such date been forfeited to the state.
 

 Act No. SO of 1888 likewise provided for the sale of all property which had been bid in for and adjudicated to the state for taxes of 1880 and subsequent years. The act declared that the price bid and paid for said property shall be in full and final payment and satisfaction of all state taxes and costs due and exigible at the time the property was adjudicated to the state.
 

 
 *673
 
 It was a condition, however, that the purchaser should take the property subject to all subsequent taxes, state, parish, and municipal.
 

 In the Martinez Case, supra, the title of the purchaser under Act No. 82 of 1884 was held, to be null because he had not paid the subsequent taxes which he had assumed to pay under his purchase in accordance with the terms of the statute.
 

 There is not a statute which we have been able to find which provided for the sale by the state of property which had been forfeited or adjudicated to the state for taxes, or which provided for the redemption of such property from the state, that does not make provision for the inclusion in the price of the sale, or of the redemption, of all taxes due subsequent to the adjudication to the state.
 

 The word “due” in these several statutes was not inserted by accident, but was used advisedly if not appropriately. The word “assessment” would have been absurd because the lawmaker well knew that there could be no assessment subsequent to the adjudication to the state except for the one year following the adjudication.
 

 If the statute had read that the party redeeming shall be required to pay for each subsequent year up to date of redemption an amount equal to the tax for which the adjudication was made to the state, could any one have had any doubt as to the intention of the lawmaker?
 

 The language which was used in the redemption statute we think expresses the legislative intent just as clearly.
 

 It is conceded, and the evidence shows, that the state officers charged with the duty of issuing redemption certificates have construed the statute as requiring the payment of all taxes due on the land up to the date of redemption as a condition precedent to the granting of a certificate of redemption. This construction has been uniform and had its beginning long prior to the statute of 1912.
 

 The courts are reluctant to overrule a long-standing construction placed on a statute by administrative officers charged with its execution and enforcement, and will not do so unless such construction is arbitrary and manifestly against the letter and spirit of the statute.
 

 For the reasons assigned, it is ordered and decreed that the judgment appealed from be amended so as to require the plaintiff St. Bernard Syndicate to pay into the state treasury, in addition to the amount of taxes for the years 1923 and 1924, an amount for each of the subsequent years up to the date the said payment is made that will equal the taxes of the year 1924 with interest penalties and costs thereon.
 

 As amended, the said judgment is affirmed, at the costs of the plaintiff.