GLADNEY, Judge.
This action to try title to real estate under the provisions of LSA-R.S. 13:5062 was instituted March 11, 1957, by the children and descendants of Hartwell Colton, to be decreed the owners of a one-half interest to a certain tract of land in Natchi-toches Parish, Louisiana. Made defendants are parties who presently claim title to the property by reason of its prior acquisition by their predecessor in title, Stille & Yarborough, Ltd. Following a trial on the merits there was judgment in favor of plaintiffs in accordance with their petition. From this decree the defendants have appealed.
This statute, enacted as Act No. 38 of 1908, was intended to create a particular form of action to adjudicate title to real estate where neither of the claimants is in actual possession of the land, and in such action the court is called upon to decide which claimant is owner of the land in dispute. The pertinent part of the act reads:
“In all cases where two or more persons lay claim to land by recorded title and where neither of the claimants are in the actual possession of the land so claimed, either of the claimants may bring suit against one or all the adverse claimants, and for that purpose may join one or more adverse claimants in the same suit as defendants, to have the titles to the land adjudicated upon by the court having jurisdiction of the property. It shall not be necessary for the plaintiff to allege or prove possession in himself or the defendants. This action shall be known as the action to establish title to real estate. The judge shall decide which of the claimants are the owners of the land in dispute, provided such judgment shall in no case be res adjudica-ta as to persons not made parties to the suit.”
The evidence disclosed by the record establishes beyond any doubt that for some time prior to the institution of this action physical possession was not being exercised by any of the claimants of title to the property.
Plaintiffs established proof of their heirship as the children and descendants of Hartwell Colton and his wife, Narcisse Colton, who were married on January 4, 1883, and remained as man and wife until Hartwell Colton died in 1910. Their theory of the case is that Hartwell Colton acquired title to the subject property in 1897 from J. J. Horton, that the instrument evidencing this conveyance was lost or mislaid and never recorded, but that on April 15, 1920, subsequent to the death of Hart-well Colton, J. J. Horton executed a notarial act recognizing and confirming the previous conveyance made in 1897, and that as a consequence of this later deed proof of title in Hartwell Colton was established. The evidence shows further *285 that through an act of donation bearing date of July 19, 1898, Hartwell Colton transferred one acre of the land acquired from J. J. Horton to be used as a church and school for colored people. This instrument was duly witnessed and filed of record on February 18, 1901, in the Clerk’s office of the Parish of Natchitoches and as filed bears a relinquishment and release by J. J. Horton of a vendor’s lien on the property previously sold by him to Hart-well Colton. Subject to the aforesaid donation Hartwell Colton, his wife and children lived on and farmed the property until Hartwell’s death, and thereafter it was so used by his wife and children until the death of Narcisse Colton, who died intestate in the latter part of 1923.
The estate of Narcisse Cotton was largely in debt and representing one of the creditors, Charles R. Yarborough was named the administrator of the estate. For the purpose of settling debts the administrator caused to be sold and adjudicated the entire seventy-nine acres. The adju-dicatee of the property was Stille & Yar-borough, Ltd., a corporation of which Charles R. Yarborough was an official.
Appellees take the position that Stille & Yarborough, Ltd. did not acquire title to the property other than the interest owned by the estate of Narcisse Colton, and they do not contest the disposition of her interest in the property, but forcefully contend they are entitled to be recognized as owners of one-half of the property inherited by them from Hartwell Colton upon his death. The trial court approved this position, holding the instrument of April IS, 1920, was an acknowledgment by the record owner that title to the property was transferred by Horton to Hartwell Colton in the year 1897. The court further determined that as a result of said acknowledgment and prior title in Hartwell Col-ton, Narcisse Colton only acquired an one-half interest in the property as the wife of Hartwell Colton and defendants’ pleas of estoppel and prescription were without merit.
After rendition of judgment the defendants, who had previously taken the position Stille & Yarborough, Ltd. was in fact a partnership, filed a certified copy of the charter of said corporation, attaching the same to a motion for a new trial. Following this appearance counsel then filed an exception of no cause or right of action. The motion and exception were overruled by the court and thereafter this appeal was taken.
Appellants argue the instrument of April 15, 1920, transferred title to the property and Narcisse 'Colton acquired the entire interest in the subject seventy-nine acres, more particularly described as follows:
“A certain tract of land in Natch-itoches Parish, Louisiana, containing Seventy-nine (79) acres more or less, being the North Half of the Northeast Quarter of Section 4, Township 9 North, Range 9 West, less one acre in the Southeast corner of the Northeast Quarter of Section 4, Township 9 North, Range 9 West, which was donated to the Spanish Lake School, said donation being recorded in Book 104, page 534 of the Conveyance Records of Natchitoches Parish, Louisiana.”
Responding to this contention, appel-lees declare the said act is purely recogni-tive and confirmative and constitutes proof of the primordial title of Hartwell Colton as acquired from J. J. Horton in 1897. We feel it necessary for a proper understanding of the issue to quote verbatim the instrument in question, which reads:
“State of Louisiana Parish of Natch-itoches
“Before me F. M. Caldwell, a Notary Public, duly commissioned and sworn within and for the Parish of Natchitoches, State of Louisiana, in presence of the witnesses hereinafter named and undersigned, personally came and appeared J. J. Horton, Widower, (whose wife is -, nee -) resident of Natchitoches Par *286 ish, State of Louisiana who declare that for and in consideration of the price and sum of $250.00 which was paid at the time of the execution of the deed which was lost or mislaid,-Dollars, cash in hand paid, receipt whereof is hereby acknowledged and good acquittance and discharge given for the same he did and do by these presents Grant, Bargain, Sell, Assign, Convey, Set Over and Deliver unto Narcissie Colton, a Widow, (whose wife is -, Nee -) here present accepting, and purchasing for herself, her heirs and assigns, all and singular, the following described property, to-wit:
“The North Half of Northeast Quarter of Section Four, Township Nine, Range Nine, Natchitoches Parish, Louisiana.
“It being expressly understood that this deed is given in Lieu of a former deed made to Hartwell Colton which was never recorded and conveying the the above lands, dated 1897 and signed by J. J. Plorton & Wife, and witnessed by W. S. Flemming & W. L. Stevens.
“To Have and To Hold the said property unto the said purchasers her heirs, and assigns, in full property, forever free from any lien, mortgage or encumbrance whatever, with full and general warranty of title and full sub-rogation of all rights of warranty, and .all other rights held therein by said vendor.
“The said appearers hereby agree to dispense with the certificate required by article 3364 of the Revised Civil Code of this State, and to exonerate me, said Notary, from liability on account of the nonproduction of the same. All taxes due on said property herein conveyed have been paid as evidenced by the tax collector’s receipt exhibited to me.
■ “Thus done and passed at Robeline, Parish of Natchitoches, Louisiana, on this 15th day of April, A.D., Nineteen Hundred Twenty, in the presence of Lawrence Fox and W. W. Page, Jr., two competent witnesses, who signed these presents with said appearers and me, Notary, after due reading.
“J. J. Horton “Narcissie Colton her “Witnesses: X “Lawrence Fox mark “William W. Page, Jr.
“F. M. Caldwell “Notary Public”
As prescribed in the Civil Code, recogni-tive acts do not dispense with the exhibition of the primordial title unless its tenor be specially set forth in the recognitive act. LSA-C.C. art. 2271. An interesting discussion of the effect of the foregoing Codal provision is set forth in Brooks v. Norris, 1843, 6 Rob. 175, error dismissed 11 How. 204, 13 L.Ed. 665. Therein the court, 6 Rob. at pages 181, 182, said:
“The first question of law, which presents itself, at this stage of our inquiry, is, whether the plaintiff, in making out his title as the assignee of the Grappes, and which, in common with all plaintiffs in actions of this kind, he is bound to show, may rely upon the treaty alone, and the recitals therein contained, or whether he is compelled to go further back, and produce, or satisfactorily account for the written donation from the Indians to his vendors. Leaving out of view for the moment, and reserving for future consideration, the question whether the treaty may be construed as a substantive grant from the government, independently of the original donation which is recognized as having taken place in 1801, and looking upon the question as one between the plaintiff, the Indians, and the defendant, it appears to us to resolve itself into the question, whether such a recital in a recognitive act, dispenses the party claiming title under it, from producing the primordial title, that is, the original donation in writing, which is said *287 to have been made in 1801. The treaty is, as it relates to the Indians, a mere recognitive act, expressing their intention not to cede to the United States, but to reserve to the Grappes, the four leagues as described in the written act of donation to them.
“According to Dumoulin and Po-thier, as well as a formal article of the Civil Code of this State, recognitive acts do not dispense with the exhibition of the primordial title, unless its tenor be therein specially set forth. Those authors distinguish between re-cognitive acts, or acknowledgments, which are in the form which they call ex certa scientia, and those in forma communi. The former, said to be in forma speciali et dispositiva, are those in which the primordial title is set forth. They have this peculiarity, that they are equivalent to the original title in the event of its loss, and prove the existence against the person making it, and they dispense with the production of the primordial title. On the other hand, recognitive acts, in forma communi, are those in which the tenor of the primordial title is not set forth.
“ ‘These acknowledgments,’ says Po-thier, ‘serve only to confirm the primordial title, and to interrupt prescription, but they confirm the original title only, so far as it is true; they do not prove its existence, and they do not dispense with its production.’ 2 Po-thier on Obligations, 742, 743. Civil Code, art. 2251.
“Such is believed to be also the rule of evidence at common law. Where the recital in a deed points to higher evidence in the power of the party, the withholding of which creates suspicion of an intended fraud or unfairness, the party will be held to account for the non-production of the higher evidence before the recital can avail him. 3 Phillips on Evidence, 1236. Greenleaf on Evidence, 93.”
By reference to the instrument of date April 15, 1920, it must be recognized that the tenor of the original deed is therein specially set forth forasmuch at is recites the consideration named in the first instrument; it mentions that the former deed was lost or mislaid; it gives the names of the witnesses to the original act of transfer and states that the purpose of the recogni-tive instrument was to replace the former deed. It is our finding, therefore, that Hart-well Colton acquired title to the property in 1897 and adequate proof thereof is furnished in the recognitive act which makes it unnecessary to require production of the original deed or primordial title.
Appellants defend further on the ground Lizzie Johnson and Jacob Colton and their heirs are estopped from contesting defendants’ title by reason of their execution of a rental contract, dated July 24, 1935, through which they leased the property acquired in the administrator’s deed by Stille & Yarborough, Ltd. for the years 1935-1939, inclusive. By terms of the contract the lessees agreed to pay a fixed rent in cotton. Appellees earnestly urge sufficient proof was not made of the signatures of Lizzie Johnson and Jacob Colton despite the testimony of a witness to the instrument who testified he recognized the signatures thereon, but remembered nothing of its contents. But irrespective of the validity vel non of the rental contract, we are of the opinion this issue is of no real importance. Counsel for appellants, it is. true, argue that under the provisions of LSA-C.C. art. 3441, that those who possess,, such as was the case of Lizzie Johnson and Jacob Colton, under the rental contract cannot acquire legal possession and hence cannot contest the title claims of the defendants. The testimony, which is not disputed, shows that immediately after the termination of the lease Lizzie Johnson and Jacob Colton moved from the property.
It is well recognized in our jurisprudence a tenant is not estopped from asserting title to real estate except while he is in possession of the premises by reason *288 of the consent of liis landlord. LSA-C.C. art. 3441:
“Those who possess, not for themselves, but in the name of another, as farmers, depositaries and others who acknowledge an owner, cannot acquire the legal possession, because, at the commencement of their possession, they had not the intention of possession for themselves but for another.”
So long as the relationship of landlord and tenant subsists, the latter may not challenge the ownership of the former, nor his right to lease the thing which is the subject of the contract. We find in Johnson v. Chapman, La.App.1938, 179 So. 466, reversed on other grounds 190 La. 1034, 183 So. 285, a plaintiff in a petitory action was held not to be estopped from maintaining suit by payment of rent by plaintiff’s vendor to the defendant who asserted title under a tax deed. Controlling the question of estoppel is a proper determination of whether or not the legal possession of the party claiming title rests upon the consent of the landlord. We are of the opinion, therefore, that after Lizzie Johnson and Jacob Colton gave up the possession granted under the terms of the lease, and left the property, they were free to assert title in their own name. The provisions of the Civil Code, LSA-C.C. art. 3341, cannot be construed as precluding a party from asserting title in the property when his claim docs not depend upon possession exercised solely through the consent of his contestants. We find defendants’ plea of estoppel to be without merit.
The pleas of prescription of ten and thirty years acquirendi causa filed on behalf of the defendants are predicated upon LSA Civil Code arts. 3478 and 3499, respectively. The evidence shows Hartwell Col-ton and his descendants continued to occupy and live upon the property until about 1939. Throughout the trial appellees consistently claimed they inherited one-half of the property of Hartwell Colton and have conceded the defendants acquired the remaining one-half interest from the estate of Narcisse Colton. Thus, when Lizzie Johnson and Jacob Colton executed the rental contract, such act was not necessarily a recognition that Stille & Yarborough, Ltd., owned the property in its entirety. Substantial evidence has not been presented by appellants to show physical possession in themselves except through Lizzie Johnson and Jacob Colton.
Also it is forcefully argued by counsel for appellees that legally the defendants have no support for their claim to the property based on the acquisitive prescription of ten years under article 3478. In the case of Martin v. Schwing Lumber & Shingle Co., Inc., 1955, 228 La. 175, 81 So.2d 852-854, the Supreme Court made the following observation with reference to the application of article 3479:
“Under the express provisions of the LSA-Civil Code, four elements are essential to form the basis of the prescription of ten years acquir-endi causa, the first of which is ‘Good faith on the part of the possessor.’ While it is true that the existence of a title recorded in the name of a person other than the vendor does not of itself deprive the vendee of the presumption in his favor created by Article 3481 of the Code and he may purchase without any investigation of the title yet be protected by the prescription of ten years if the four essentials exist, however if, instead of relying on the faith of his vendor’s title, he institutes an investigation into its validity, he is then bound by what the record reveals and cannot claim to be in good faith if the record discloses a defect in the title of his vendor.
“Unquestionably, the examination made by the defendant’s attorneys prior to the purchase of August 19, 1924, disclosed that title to an undivided half interest was of record in the name of C. E. Thibodeaux, and that the company was acquiring only an undivided interest in the property; and, under the well-established rule of the law of agency, recognized in National Park Bank v. Concordia Land *289 & Timber Co., 159 La. 86, 105 So. 234, a corporation is bound by the knowledge acquired by its officers or agents relating to its affairs and business. The rule is based on the theory that ‘it will be conclusively presumed that the agent will communicate to the corporation whatever knowledge or notice he receives in relation to his agency which is necessary to the protection of the interests of the corporation.’ 13 Am.Jur. 1035, Verbo Corporations, Sec. 1110.” (Emphasis supplied.)
It is not denied that at the time Stille & Yarborough, Ltd. was adjudicated the subject property, Charles R. Yarborough, administrator of the Succession of Nar-cisse Colton, was an officer of Stille & Yarborough, Ltd. and that as administrator he was familiar with title to property embraced in the estate of Narcisse Colton. This knowledge of the title to said property must be imputed to Stille & Yarbor-ough, Ltd., a legal principle recognized in Martin v. Schwing Lumber & Shingle Co., Inc., supra. A copy of the charter establishing the status of Stille & Yar-borough, Ltd. as a corporation was not placed in the record until defendants filed an application for a new trial. Prior to this time the defendants and plaintiffs treated the entity of Stille & Yarborough, Ltd. as being a partnership. Although appellants seem to think this proof of the corporate existence is important, we think it really does not have any material effect upon the issues because the knowledge of Charles R. Yarborough, an officer of Stille & Yarborough, Ltd. was binding on the corporation as effectively as it was on himself or any partnership of which he was a member. We hold, therefore, the defendants could not have acquired title in good faith to the one-half interest of ;he property owned by Hartwell Colton, and after his death by his heirs. This quality is essential to securing a prescriptive title under LSA-C.C. art. 3478.
We-deem it proper herein to point out also that forasmuch as Stille & Yarborough, Ltd. acquired only an one-half interest in the property from the Succession of Narcisse Colton, it was a co-owner together with the heirs of Hartwell Colton of the property which they sought to acquire from their co-owners by prescription. It is well settled in our jurisprudence and under the provisions of LSA-C.C. art. 3478 prescription does not apply as between co-owners. See: Alba v. Smith, 1955, 228 La. 207, 81 So.2d 863. This prohibition is applicable to defendants’ pleas of ten and thirty year acquisitive prescriptions.
Appellants have not seriously urged before this court the exception of no cause or right of action filed in their behalf and we consider it abandoned.
As a result of our consideration of the issues, we have concluded Hartwell Colton acquired title to the property in 1897, which property became a part of the community of acquets and gains existing between him and Narcisse Colton, and upon his death his heirs, the appellees herein inherited a one-half interest therein. This interest was not affected by the administration sale of the property in the Succession of Narcisse Colton. Further, we find the defendants have failed to establish the plea of estoppel and pleas of prescription based on LSA-C.C. arts. 3478 and 3499. For these reasons we approve of the judgment as rendered by the trial court and do not find manifest error therein.
Accordingly, the judgment from which appealed is hereby affirmed and It Is Ordered, Adjudged and Decreed that there be judgment herein as prayed for in favor of the plaintiffs, Sallie Colton Banks, Oscar Lee Sibley, Annie Lee Sibley, Cora Lee Sibley, Ala Mae Sibley, L. D. Johnson, Jewel Johnson, Arthur Johnson, Frank Johnson, George Johnson, George Draw-horn, Caroline C. Brown, Eliza Johnson and James Colton, and against the defend *290 ants, John Burns Yarborough, Mary Blanche Yarborough Young, George G. Yarborough, Elizabeth Yarborough Gilli-land, Truhart Yarborough Ross, Mary Louise Yarborough Walsh, Robert Wyatt Yarborough, Mrs. Grace Vaughn Stille and Mrs. Elizabeth Stille Russell and the aforesaid plaintiffs are hereby declared to be the owners of an undivided one-half interest, right and title in and to the following described property, to-wit:
“A certain tract of land in Natchi-toches Parish, Louisiana, containing 79 acres, more or less, being the North Half (N ½) of the Northeast Quarter (NE ¼) of Section 4, Township 9 North, Range 9 West, less 1 acre in the Southeast corner of the Northeast Quarter (NE ¼) of Section 4, Township 9 North, Range 9 West, which was donated to the Spanish Lake School, said donation being recorded in Book 104, page 534 of the Conveyance Records of Natchitoches Parish, Louisiana.”
It is further ordered that defendants pay all costs of these proceedings.